UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

POMPII R. VAUGHN JR., )
)
      **Plaintiff,** )
)
v. ) No.: 15-3197-SEM-TSH
)
)
ROBERT J. SCHERSCHLIGHT, )
*et al.*, )
)
      **Defendants.** )

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Pompii R. Vaughn, Jr.'s claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for

determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

## II.
## ANALYSIS

Vaughn has filed this suit under 42 U.S.C. § 1983 alleging that Defendants—two public defenders, Sangamon County, the Sangamon State's Attorney, two Assistant State's Attorney, and a state court judge—violated his constitutional right to a speedy trial and are, thereby, guilty of malicious prosecution. Vaughn contends that Defendants conspired together to delay his case until Assistant State's Attorney Noll dismissed the charges against him in order to allow Vaughn to be transferred to Arizona for trial on charges pending in that State. Vaughn contends that his illegal detention in Illinois has caused him to suffer damages.

Vaughn's Complaint fails to state a claim. Therefore, this case is dismissed.

"Under Illinois law, to state a malicious prosecution claim, [Vaughn] must show (1) the commencement or continuation of an original criminal or civil proceeding by the defendants; (2) termination of the proceeding in his favor; (3) the absence of probable cause; (4) the presence of malice on the defendants' part; and (5) damages." *Wade v. Collier*, 783 F.3d 1081, 1085 (7th Cir.

2015). A prosecutor's dismissal of a charge may imply innocence if the dismissal is not part of a plea bargain. *Bridewell v. Eberle*, 730 F.3d 672, 677 (7th Cir. 2013).

Here, Vaughn alleges that Defendant Noll dismissed the charges pending against him in Illinois so that Vaughn could be prosecuted on charges pending against him in Arizona, not because the prosecutor determined that Vaughn was factually or legally innocent of the charges in Illinois. Therefore, it is questionable whether the proceedings in Illinois were terminated in Vaughn's favor for purposes of satisfying all of the essential elements of his malicious prosecution claim.

The Court need not decide this issue, however, because Defendants are immune from suit. Defendants are immune from liability in this suit because it is clear, based upon Vaughn's allegations, that Defendants were acting within the scope of their duties when they committed the acts of which Vaughn complains. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995)(state court judge immune from § 1983 suit for issuing arrest warrant); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)(prosecutors are immune from

civil suit under § 1983 for "initiating a prosecution and in presenting the State's case.").[1]

**IT IS, THEREFORE, ORDERED:**

    1.    Plaintiff Pompii R. Vaughn, Jr.'s Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Vaughn's claim is not cognizable, and Vaughn's motion for counsel [4] is DENIED because there is no need to recruit counsel to prosecute a claim that is not cognizable.

    2.    This dismissal shall count as one of Vaughn's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

    3.    If Vaughn wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Vaughn does choose to

---

[1] Neither Pompii's defense counsel nor Sangamon County can be held liable for malicious prosecution because they cannot plausibly be said to have commenced or continued the criminal proceedings against him.

appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

**4.    This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.  All pending motions are DENIED as moot.**

ENTERED this 13th day of August, 2015:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
